**Dated: May 26, 2006**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**EDDIE LEE JOHNS and**            Case No. 05-87034
**DEBRA JUNE DUKE JOHNS**       Chapter 7

         Debtors.

**O R D E R**

On the 27th day of April, 2006, the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. 707(b)(1) Based on Presumption of Abuse Arising Under 11 U.S.C. 707(b)(2) with Authority in Support and with Notice and Opportunity for Hearing, Objection to Motion to Dismiss, filed by the Debtors, United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. 707(b)(3) with Authority in Support and with Notice and Opportunity for Hearing, Objection to Motion to Dismiss Pursuant to 11 U.S.C. 707(b)(3), filed by the Debtors, and Memo Brief in Support of Debtors' Objection to Motion to Dismiss Pursuant to 11 U.S.C. 707(b)(3), came on for evidentiary hearing. Appearances were entered

by Paul Thomas, Attorney for the United States Trustee (the "UST") and Jimmy Veith, Attorney for Debtors. Each party filed an additional supporting brief following the evidentiary hearing. After reviewing the testimony and evidence, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7. 11 U.S.C. § 707(b)(1). Under the new Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the means test determines whether a presumption of abuse arises in a debtor's bankruptcy case using debtor's current monthly income and certain allowed deductions. Section 707(b)(2)(A)(i) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of -
>     (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or
>     (II) $10,000.

11 U.S.C. § 707(b)(2)(A)(i). This presumption of abuse may only be rebutted by:

> (B)(i) .... demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.
> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide -
>     (I) documentation for such expense or adjustment to income; and
>     (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.
> (iii) the debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.

2

> (iv) The presumption of abuse may only be rebutted if the additional expenses or adjustments to income referred to in clause (i) cause the product of the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) of subparagraph (A) when multiplied by 60 to be less than the lesser of -
>> (I) 25 percent of the debtor's nonpriority unsecured claims, or $6,000, whichever is greater; or
>> (II) $10,000.

11 U.S.C. § 707(b)(2)(B).

Debtors filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on December 9, 2005. On their means test calculation, Debtors report current monthly income of $6,123.61 and annualized income of $73,483.32.[1] The Debtors household consists of four people, and the applicable median family income for a family of four is $49,881.00. After subtracting the allowed deductions, Debtors report $489.67 of monthly disposable income under § 707(b)(2). The 60-month disposable income of $29,380.20 ($489.67 x 60) far exceeds $10,000.00, and therefore a presumption of abuse arises under § 707(b)(2). Debtors checked the box on the means test calculation form indicating the presumption of abuse in their case.

The UST filed the Motion to Dismiss based on the presumption of abuse on March 6, 2006, and the Motion to Dismiss pursuant to § 707(b)(3) was filed on March 24, 2006. Debtors objected to both Motions. At the evidentiary hearing, counsel for the UST withdrew the Motion to Dismiss pursuant to § 707(b)(3), and this Court approves that withdrawal.

Both Debtors testified at the evidentiary hearing regarding the circumstances in their case that, they

---

[1] Debtors filed an Amended Statement of Current Monthly Income and Means Test Calculation on May 3, 2006. For purposes of this Order, the Court will use the figures provided in the Amended Statement.

3

argue, rebut the presumption of abuse. On their original means test calculation, Debtors underestimated their monthly medical expenses by about twenty dollars, and also underestimated their monthly telecommunication expenses by about forty dollars. Mrs. Johns also testified regarding the circumstances surrounding their decision to file bankruptcy. Mrs. Johns is a registered nurse and prior to bankruptcy she was in danger of losing her nursing license due to past due state taxes. A judgment creditor also began garnishing her wages immediately prior to the bankruptcy filing. Mrs. Johns was allowed to renew her license, however, following the bankruptcy filing.

Debtors state that if they were in a Chapter 13 bankruptcy, the distribution to general unsecured creditors would be zero. They note that the monthly child support payment included as current monthly income in their Chapter 7 means test calculation would not be included as income in a Chapter 13. Further, the Debtors would be allowed to deduct their 401K loan payments and 401K contributions in a Chapter 13. Debtors also testified as to the poor condition of their home and vehicles. Both vehicles and the home are owned by the Debtors free and clear but they assert it would be more difficult to replace the home and vehicles in a Chapter 13 bankruptcy.

The UST objects to the Debtors' inclusion of future payments on secured claims on two vehicles which were surrendered after the filing of bankruptcy. Debtors' Statement of Intent reflects the Debtors' intentions of surrendering both vehicles, therefore, the UST argues, there are no future payments on those secured claims and they should not be included in the means test calculation.

The UST also takes issue with the Debtors' inclusion of a mortgage/rental expense on the means test calculation, when the Debtors do not have a mortgage payment. The Debtors also included transportation ownership expenses on two vehicles. The UST argues that since the Debtors do not have

4

car payments on their vehicles, their transportation ownership expenses should be zero.

This Court need not examine what possible return the Debtors' unsecured creditors would receive in a Chapter 13. The Debtors filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code, and this Court will examine their circumstances pursuant to § 707(b)(2)(B) to determine if the Debtors have overcome their burden in rebutting the presumption of abuse in the present case.

This Court need not address whether or not the Debtors are entitled to include debt payment on secured claims on property that is to be surrendered. Further, it is not necessary for the Court to discuss the propriety of including mortgage and/or vehicle ownership expenses when a debtor does not have a mortgage and/or car payment. The presumption of abuse exists in this case even when using all the figures the Debtors argue should be included in the means test calculation. Regardless of whether or not the debt payment on surrendered property is included, and whether or not the mortgage and car ownership expenses are included, the presumption still arises. The Debtors carry the burden of rebutting this presumption by demonstrating special circumstances, and this Court cannot find from a preponderance of the evidence that they have rebutted the presumption under § 707(b)(2).

Two examples of special circumstances that may rebut a presumption of abuse are listed in § 707(b)(2)(B): (1) serious medical condition and (2) a call to active duty in the Armed Forces. This Court realizes that these are not the only special circumstances that may rebut a presumption of abuse under § 707(b)(2), however, the circumstances in the present case do not rise to the same level as a serious medical condition or a call to active duty. The potential payback of zero percent to unsecured creditors in a Chapter 13 is not a special circumstance contemplated under § 707(b)(2)(B). Accordingly, the case must be dismissed.

5

Case 05-87034   Doc 60   Filed 05/26/06   Entered 05/26/06 15:29:58   Desc Main
Document      Page 5 of 6

IT IS THEREFORE ORDERED that the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. 707(b)(1) Based on Presumption of Abuse Arising Under 11 U.S.C. 707(b)(2) with Authority in Support and with Notice and Opportunity for Hearing, is **granted.**

IT IS FURTHER ORDERED that the withdrawal of the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. 707(b)(3) with Authority in Support and with Notice and Opportunity for Hearing, is **approved.**

###